ABRAHAM LEFCORT and Others, Copartners Doing Business as STERLING CLOTHING HOUSE, Plaintiffs, *v.* RAILWAY EXPRESS AGENCY, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, February 28, 1935.

*William E. Lowther* [*Charles L. Hannelly* of counsel], for the plaintiffs.

*Charles C. Evans* [*Fulmer Long* of counsel], for the defendant.

GENUNG, J. This case was tried on stipulated facts.

The plaintiffs are wholesale merchants in men's and boys' suits and overcoats. The defendant is a common carrier of goods for

hire in interstate commerce and is subject to the Interstate Commerce Act, as amended (U. S. Code, tit. 49, § 20, ¶ [1]).

On November 9 and 11, 1929, the plaintiffs delivered to the defendant at New York city two shipments of merchandise of the value of $703 for transportation and delivery to Gross & Gross at South Bend, Ind. On November 14, 1929, the defendant delivered the shipments to one J. Rein, who was neither the consignee nor an employee or representative of the consignee. A concededly different corporation, viz., Gross, Inc., returned to the plaintiffs part of the shipments of the value of $112 and paid to the plaintiffs $250 in cash in addition thereto, which reduced the amount of the plaintiffs' loss to $341. This action is brought to recover that sum.

No claim was filed with the defendant for the loss until February 11, 1931. This action was commenced on October 10, 1931.

Only two questions are presented by the parties, viz.: (1) Are the plaintiffs barred from recovering herein by clause 7 of the uniform express receipt; and (2) are the plaintiffs barred from proceeding against the defendant by reason of having accepted a return of a part of the merchandise and payment for a further part from Gross, Inc.?

Clause 7 of the uniform express receipt provided: " 7. Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carriers within six months after delivery of the property or, in case of failure to make delivery, then within six months and fifteen days after date of shipment; and suits for loss, damage or delay shall be instituted only within two years and one day after date when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof."

The liability assumed by the defendant is covered in full by the Federal statutes. (*New York & Norfolk R. R. Co.* v. *Peninsula Produce Exchange*, 240 U. S. 34; *Adams Express Co.* v. *Croninger*, 226 id. 491.) The rights and liabilities of the parties are determined by the terms of the uniform express receipt, the filed classification and tariffs and the provisions of the Interstate Commerce Act as interpreted by the United States Supreme Court. (*Southern R. Co.* v. *Prescott*, 240 U. S. 632; *Southern Express Co.* v. *Byers*, Id. 612; *Missouri, Kansas & Texas R. Co.* v. *Harriman*, 227 id. 657; *Burke* v. *Union Pacific R. R. Co.*, 226 N. Y. 534; *Barnet* v. *N. Y. Central & H. R. R. R. Co.*, 222 id. 195; *O. K. Display Fixture Co.* v. *American Railway Express Co.*, 121 Misc. 816; *Strahs* v. *N. Y. Central R. R. Co.*, 113 id. 273.)

At the time these shipments were made and at the time of the misdelivery of the property by the defendant, the Interstate Commerce Act had been amended to read, in part, as follows: "Provided further, That it shall be unlawful for any such receiving or delivering common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice; Provided, however, that if the loss, damage, or injury complained of was due to carelessness or negligence while the property was in transit, or while the property was being loaded or unloaded, or was due to unreasonable delay in transit or in loading or unloading, then no notice of claim or filing of claim shall be required as a condition precedent to recovery, but in no case under this proviso shall suit be instituted after three years from the time such cause of action accrued." (U. S. Code, tit. 49, § 20, ¶ [11].)

Clause 7 of the uniform express receipt, covering these shipments and quoted above, does not conform to the provisions of the Federal act in effect at the times of shipment. Under the clause above quoted a claim would be required to be filed as a condition precedent to recovery in all cases where the loss, damage or injury complained of occurred in transit by the carelessness or negligence of the carrier, except where the property was damaged in transit by carelessness or negligence.

The Federal statute prohibits the carrier from requiring by contract the filing of a claim as a condition precedent to recovery in all cases where "the loss, damage or injury complained of was due to carelessness or negligence while the property was in transit."

The plaintiffs' "loss, damage or injury" occurred while the property involved in this action was in transit. The admitted misdelivery on the part of the defendant, unexplained, constitutes carelessness and negligence on its part causing the loss, damage or injury. Under the provisions of the act quoted above, the carrier cannot require by contract the filing of a claim in this case as a condition precedent to recovery.

Clause 7 of the uniform express receipt, which concededly was part of the carrier's contract in this case, is invalid and unenforcible in so far as it attempts to require the filing of a claim as a condition precedent in cases where the "loss, damage or injury complained of was due to carelessness or negligence while the property was in transit." (*Kansas City Southern R. Co.* v. *Carl*, 227 U. S. 639,

648.) Therefore, the plaintiffs are not barred from recovering herein by clause 7 of the uniform express receipt.

The defendant has not been prejudiced by the plaintiffs' recovery of a part of the merchandise which the defendant misdelivered. Nor has the defendant been prejudiced by the plaintiffs' recovery of the value of a further part of the property from a source other than the consignee. Such action on the part of the plaintiffs does not operate to transfer the responsibility of the carrier to a third party. Under the stipulated facts of this case, the recovery of a part of the property or its value merely minimized the plaintiffs' damages and did not destroy the defendant's remedy against the party to whom it misdelivered the property.

Judgment is directed in favor of the plaintiffs and against the defendant for the sum of $341, with interest from November 14, 1929, with costs.